FILED

APR 15 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff-Appellee,<br><br>  v.<br><br>NERSES NICK BRONSOZIAN,<br><br>    Defendant-Appellant. | No. 17-50197<br><br>D.C. No.<br>2:16-cr-00196-SVW-1<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted April 10, 2019**
Pasadena, California

Before: GRABER and BYBEE, Circuit Judges, and HARPOOL,*** District Judge.

---

   * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   ** The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

   *** The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri, sitting by designation.

(2 of 8)

Case: 17-50197, 06/13/2019, ID: 11330487, DktEntry: 48-2, Page 2 of 4
Case: 17-50197, 04/15/2019, ID: 11263574, DktEntry: 45-1, Page 2 of 4

A jury found Defendant Nerses Nick Bronsozian guilty of possessing an unregistered firearm in violation of 26 U.S.C. § 5861(d). He timely appeals his conviction, and we affirm.

1. Defendant argues that:

(a) Congress lacks the constitutional authority to punish the possession of an unregistered machine gun because § 5861(d) "is punitive in nature and it generates no tax revenue";

(b) the statute violates the Due Process Clause because Defendant cannot be punished for possessing a machine gun that was impossible for him to register; and

(c) 18 U.S.C. § 922(o), which bans the possession of all machine guns, implicitly repealed § 5861(d).

We rejected all of those claims in Hunter v. United States, 73 F.3d 260 (9th Cir. 1996) (per curiam). As a three-judge panel, we may depart from Hunter only if it is clearly irreconcilable with a later Supreme Court or en banc decision. Miller v. Gammie, 335 F.3d 889, 892–93 (9th Cir. 2003) (en banc). Defendant argues that Hunter is fatally undermined by National Federation of Independent Business v. Sebelius ("NFIB"), 567 U.S. 519 (2012), at least with respect to his first argument. We disagree.

NFIB characterized the "penalty" in the Patient Protection and Affordable Care Act ("ACA") as a "tax" and, from that premise, reasoned that the ACA permissibly exercised Congress's taxing power. Id. at 561–63. By contrast, here, Congress expressly delegated the taxing power. Moreover, Hunter addressed (among other issues) whether § 5861(d), which was enacted in aid of a firearms tax provision, remained constitutional in light of the federal agency's decision to deny the licensing and registration applications that would have triggered the taxable event. NFIB did not address that issue in any way, even indirectly. Finally, NFIB emphasized that it was not making new law, but merely applying longstanding principles to decide whether a "penalty" was really a "tax." Id. at 565–66.

2. Defendant next argues that the government withheld material exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963). The claimed violation pertains to statements that a Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") agent made to prosecutors in a different case, concerning the violence of the Vagos gang. On de novo review, United States v. Antonakeas, 255 F.3d 714, 725 (9th Cir. 2001), we hold that Defendant suffered no prejudice, which is a necessary element for his claim to succeed, Strickler v. Greene, 527 U.S. 263, 282 (1999).

(4 of 8)

Case: 17-50197, 06/13/2019, ID: 11330487, DktEntry: 48-2, Page 4 of 4
Case: 17-50197, 04/15/2019, ID: 11263574, DktEntry: 45-1, Page 4 of 4

The only disputed issue at trial was whether Defendant knew that the firearm he sold to the ATF agent was, in fact, a fully automatic machine gun. The violence of the Vagos gang was relevant only to the extent that it could explain away Defendant's own recorded statements about the machine gun's fully automatic characteristics. To support his theory that he said the firearm was fully automatic to satisfy an intimidating person, rather than to describe what he actually knew, he had to show his <u>own</u> knowledge about the gang. The <u>agent's</u> knowledge was, at best, marginally relevant. And there already was extensive evidence offered at trial to show the Vagos gang's violent tendencies. See <u>Benn v. Lambert</u>, 283 F.3d 1040, 1053 (9th Cir. 2002) ("Evidence is deemed prejudicial, or material, only if it undermines confidence in the outcome of the trial.").

3. Finally, Defendant argues that the ATF agent's testimony was false, thus violating the principles of <u>Napue v. Illinois</u>, 360 U.S. 264, 269 (1959). We have carefully reviewed the record and conclude that the testimony complained of was neither false nor incongruent with testimony offered in a different case. See <u>Jackson v. Brown</u>, 513 F.3d 1057, 1075 (9th Cir. 2008) ("<u>Napue</u> applies whenever a prosecution 'knew or should have known that the testimony was false.'" (quoting <u>Hayes v. Brown</u>, 399 F.3d 972, 984 (9th Cir. 2005) (en banc))).

**AFFIRMED.**