No. 17-50197

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

*v.*

NERSES NICK BRONSOZIAN,
    *Defendant-Appellant.*

*APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
DISTRICT COURT NO. CR 16-196-SVW*

## GOVERNMENT'S SUPPLEMENTAL BRIEF ON REMAND FROM THE SUPREME COURT

NICOLA T. HANNA
United States Attorney

L. ASHLEY AULL
Assistant United States Attorney
Chief, Criminal Appeals Section

PATRICK R. FITZGERALD
Assistant United States Attorney
Senior Trial Attorney, Criminal
   Appeals Section

1000 United States Courthouse
312 North Spring Street
Los Angeles, CA 90012
Telephone: (213) 894-4591
patrick.fitzgerald@usdoj.gov

Attorneys for Plaintiff-Appellee
UNITED STATES OF AMERICA

**TABLE OF CONTENTS**

| DESCRIPTION | PAGE |
|---|---|

I     INTRODUCTION ................................................................................ 1

II     PROCEDURAL HISTORY ............................................................... 2

       A.     Statutory Background ............................................................ 2

       B.     Department of Justice Policy ................................................. 2

       C.     Defendant's Offense, Conviction, and Appeal ......................... 3

       D.     Government's Request for Dismissal In Light of DOJ Policy ................................................................................... 3

       E.     Vacatur and Remand by the Supreme Court ......................... 5

III     ARGUMENT ..................................................................................... 5

       A.     As In Prior Cases, the Supreme Court Vacated the Judgment and Remanded Based on the Solicitor General's Assertion that the Prosecution Should Be Dismissed ............................................................................... 6

       B.     Following Such Vacatur, the District Court Should Dismiss the Indictment ........................................................ 8

       C.     The Court Should Remand with Instructions that the Indictment Be Dismissed ..................................................... 10

# TABLE OF AUTHORITIES

| DESCRIPTION | PAGE(S) |

**Federal Cases**

*Ackerson v. United States*,
 419 U.S. 1099 (1975) .................................................................. 7, 8

*Blucher v. United States*,
 439 U.S. 1061 (1979) .................................................................. 7, 8

*Bronsozian v. United States*,
 --- S. Ct. ---, 2020 WL 1906543 (Apr. 20, 2020) ................................. 1, 5

*Croucher v. United States*,
 429 U.S. 1034 (1977) ....................................................................... 7

*Frakes v. United States*,
 435 U.S. 911 (1978) ..................................................................... 7, 8

*Hammons v. United States*,
 439 U.S. 810 (1978) ......................................................................... 7

*Hayles v. United States*,
 419 U.S. 892 (1974) ..................................................................... 7, 8

*Marakar v. United States*,
 370 U.S. 723 (1962) ..................................................................... 7, 8

*Margraf v. United States*,
 414 U.S. 1106 (1973) .................................................................... 7, 9

*Nunley v. United States*,
 434 U.S. 962 (1977) ..................................................................... 7, 8

*Petite v. United States*,
 361 U.S. 529 (1960) ..................................................................... 7, 8

*Redmond v. United States*,
 384 U.S. 264 (1966) ......................................................................... 8

**DESCRIPTION**                                                   **PAGE(S)**

*Rinaldi v. United States,*
   434 U.S. 22 (1977) .................................................................................. passim

*Robison v. United States,*
   390 U.S. 198 (1968) ......................................................................................... 8

*Thompson v. United States,*
   400 U.S. 17 (1970) ....................................................................................... 7, 8

*Thompson v. United States,*
   444 U.S. 248 (1980) ............................................................................... passim

*United States v. Bronsozian,*
   764 Fed. Appx. 633 (9th Cir. 2019) ............................................................ 1, 3

*United States v. Lorenzo,*
   995 F.2d 1448 (9th Cir. 1993) .......................................................................... 5

*United States v. Margraf,*
   493 F.2d 1206 (3rd Cir. 1974) ......................................................................... 9

*United States v. Thompson,*
   601 F.2d 591 (6th Cir. 1979) ........................................................................... 9

*United States v. Thompson,*
   617 F.2d 604 (6th Cir. 1980) ........................................................................... 9

*Watts v. United States,*
   422 U.S. 1032 (1975) ................................................................................... 7, 8

**Federal Statutes**

18 U.S.C. § 922(o) .............................................................................................. 2, 4, 10

26 U.S.C. § 5801 .......................................................................................................... 2

26 U.S.C. § 5811 .......................................................................................................... 2

26 U.S.C. § 5812(a) ..................................................................................................... 2

# TABLE OF AUTHORITIES (continued)

**DESCRIPTION** **PAGE(S)**

26 U.S.C. § 5821 ................................................................................... 2

26 U.S.C. § 5845 ................................................................................... 2

26 U.S.C. § 5861(d) ....................................................................... passim

26 U.S.C. § 5871 ................................................................................... 1

28 U.S.C. § 2106 ................................................................................... 6

**Federal Rules**

Fed. R. Crim. P. 48(a) ........................................................................... 3

# I

# INTRODUCTION

After a jury trial, defendant was convicted of possessing an unregistered machinegun, in violation of 26 U.S.C. §§ 5861(d) and 5871. This Court affirmed. *United States v. Bronsozian*, 764 Fed. Appx. 633 (9th Cir. 2019). Following defendant's filing of a petition for writ of certiorari, however, the government moved in the district court to dismiss the indictment and vacate the judgment, based on a Department of Justice charging policy. (Government's Supplemental Excerpts of Record (GSER) 3–6.) Given the Solicitor General's representations regarding the government's intent to dismiss, the Supreme Court granted certiorari and remanded. *Bronsozian v. United States*, --- S. Ct. ---, 2020 WL 1906543, at *1 (Apr. 20, 2020)

Consistent with the Supreme Court's own practice—and given the district court's lack of discretion to deny the government's motion under these circumstances—the government respectfully requests that this Court remand to the district court with instructions that the judgment be vacated and the indictment be dismissed. *See Rinaldi v. United States*, 434 U.S. 22, 32 (1977).

II

PROCEDURAL HISTORY

A.  **Statutory Background**

The National Firearms Act, 26 U.S.C. § 5801 *et seq.*, imposes a tax on the manufacture, sale, and transfer of "firearm[s]." 26 U.S.C. §§ 5811, 5821. The Act defines "firearm" to include short-barreled shotguns, short-barreled rifles, machineguns, bombs, grenades, and silencers. 26 U.S.C. §§ 5845(a), 5845(f).

The provision of the Act relevant here prohibits any person from receiving or possessing a firearm that is not registered to him. 26 U.S.C. § 5861(d). The Act provides, however, that an application to transfer a firearm "shall be denied if the transfer, receipt, or possession of the firearm would place the transferee in violation of law." 26 U.S.C. § 5812(a). A subsequently enacted statute, 18 U.S.C. § 922(o), makes it illegal "to transfer or possess a machinegun." 18 U.S.C. § 922(o)(1).

B.  **Department of Justice Policy**

A policy of the Department of Justice states: "As a result of the enactment of 18 U.S.C. § 922(o), the Secretary of the Treasury no longer will register or accept any tax payments to make or transfer a

2

machinegun made after May 19, 1986.  Accordingly, because it is impossible to comply with the registration and taxation provisions in the [National Firearms Act], prosecutors should charge the unlawful possession or transfer of a machinegun made after May 19, 1986 under § 922(o)." Justice Manual § 9-63.516, *available at* https://www.justice.gov/jm/jm-9-63000-protection-public-order#9-63.516.

## C. Defendant's Offense, Conviction, and Appeal

In 2011, defendant sold an unregistered machinegun to an undercover agent.  (PSR ¶¶ 7–8.)  A grand jury indicted defendant for possessing an unregistered machinegun, in violation of 26 U.S.C. § 5861(d).  He was convicted at trial, and this Court affirmed on appeal. *Bronsozian*, 764 Fed. Appx. at 644.

## D. Government's Request for Dismissal In Light of DOJ Policy

Defendant petitioned for certiorari.

While that petition was pending, the government filed an application in the district court to vacate the judgment and to dismiss the indictment with prejudice pursuant to Federal Rule of Criminal Procedure 48(a).  (GSER 1–6.)  Under Rule 48(a), "[t]he government may, with leave of court, dismiss an indictment."  This rule allows the

government to seek dismissal of an indictment even after the government prevails at trial and the district court enters judgment. *See, e.g., Thompson v. United States*, 444 U.S. 248, 250 (1980); *Rinaldi*, 434 U.S. at 28–32.

The government explained in a supporting declaration that, "[a]fter consultation with the Solicitor General's Office, the United States Attorney's Office now has determined that dismissal of this criminal case in the interest of justice." (GSER 5.) Specifically, "a Department of Justice policy direct[s] prosecutors to charge the unlawful possession or transfer of a machinegun made after May 19, 1986 under 18 U.S.C. § 922(o), rather than, as in this case, under 26 U.S.C. § 5861(d)." *Id*. The government emphasized that the policy "creates no enforceable rights for a particular defendant" and that the case was "lawfully charged and prosecuted." (GSER 5–6.) But because of "the possibility that a similarly situated defendant in another district would not have been so charged and convicted," "the strong interest in national uniformity in the application of justice provides good cause for the dismissal of the indictment and vacatur of the judgment." (*Id.*)

Defendant did not object to the government's application, which

remains pending. (GSER 6.)

**E.     Vacatur and Remand by the Supreme Court**

The Supreme Court subsequently granted defendant's petition. *Bronsozian*, --- S. Ct. at ---, 2020 WL 1906543, at *1. The Court ordered: "The judgment is vacated, and the case is remanded to the United States Court of Appeals for the Ninth Circuit for further consideration in light of the pending application to vacate the judgment and dismiss the indictment." *Id.*

## III

## ARGUMENT

Consistent with prior Supreme Court practice, this Court should remand to the district court with instructions that it dismiss the indictment. The Department of Justice's internal policies do not create rights enforceable by private parties. *See United States v. Lorenzo*, 995 F.2d 1448, 1453 (9th Cir. 1993). Nevertheless, the government has determined in these unusual circumstances that the strong interest in national uniformity in the application of justice provides good cause for the dismissal of the indictment and vacatur of the judgment. The indictment should be dismissed. *Rinaldi*, 434 U.S. at 32.

## A. As In Prior Cases, the Supreme Court Vacated the Judgment and Remanded Based on the Solicitor General's Assertion that the Prosecution Should Be Dismissed

The Supreme Court has explained that when the Office of the Solicitor General represents that a "Department policy was violated" in a criminal case, the Court may properly grant the petition, vacate the judgment, and remand the case. *Thompson v. United States*, 444 U.S. 248, 249 (1980) (per curiam).

That practice rests on the federal statute that empowers this Court to "affirm, modify, vacate, set aside, or reverse any judgment . . . lawfully brought before it for review, and [to] . . . require such further proceedings to be had as may be just under the circumstances." 28 U.S.C. § 2106. The Court has explained that, when "a prosecution is initiated and a conviction obtained in violation of [a] policy" and "the Solicitor General has discovered such a violation in a case pending before this Court," the "power to afford relief which is 'just under the circumstances'" allows the Court to remand "to allow the Government to dismiss the indictment." *Rinaldi*, 434 U.S. at 25 n.8.

Thus, for example, the Supreme Court has granted certiorari and vacated judgment in cases where the Department of Justice conceded a

violation of the *Petite* policy, "under which United States Attorneys are [ordinarily] forbidden to prosecute any person for allegedly criminal behavior if the alleged criminality was an ingredient of previous state prosecution against them." *Thompson*, 444 U.S. at 248. "Ever since the Justice Department established the '*Petite'* policy in 1959, the Court has consistently responded to requests by the Government in cases [where the policy was violated] by granting certiorari and vacating the judgments." *Id.* at 249–50.[1]

This practice "is not unique to violations of the '*Petite'* policy," however. *Thompson*, 444 U.S. at 250. "The Court also has consistently vacated the judgments in other cases which the Solicitor General has represented were in violation of other Justice Department policies." *Id.*[2]

---

[1] *See, e.g.*, *Hammons v. United States*, 439 U.S. 810 (1978); *Frakes v. United States*, 435 U.S. 911 (1978); *Rinaldi*, 434 U.S. at 32; *Croucher v. United States*, 429 U.S. 1034 (1977); *Watts v. United States*, 422 U.S. 1032 (1975); *Ackerson v. United States*, 419 U.S. 1099 (1975); *Hayles v. United States*, 419 U.S. 892 (1974); *Thompson v. United States*, 400 U.S. 17 (1970); *Marakar v. United States*, 370 U.S. 723 (1962); *Petite v. United States*, 361 U.S. 529 (1960).

[2] *See, e.g.*, *Blucher v. United States*, 439 U.S. 1061 (1979); *Nunley v. United States*, 434 U.S. 962 (1977); *Margraf v. United States*, 414

7

## B. Following Such Vacatur, the District Court Should Dismiss the Indictment

District courts have little (if any) discretion to deny motions to dismiss under these circumstances. *See Rinaldi*, 434 U.S. at 32. Thus typically, in similar contexts, the Supreme Court has remanded directly to the district court with instructions for it to vacate the judgment and dismiss the indictment. *See, e.g.*, *Blucher*, 439 U.S. at 1061; *Frakes*, 435 U.S. at 911; *Nunley*, 434 U.S. at 962; *Watts*, 422 U.S. at 1032; *Ackerson*, 419 U.S. at 1099; *Hayles*, 419 U.S. at 892; *Thompson*, 400 U.S. at 17; *Marakar*, 370 U.S. at 723; *Redmond*, 384 U.S. at 265. Similarly, in *Petite*, the Court remanded "to the Court of Appeals to vacate its judgment and to direct the District Court to vacate its judgment and to dismiss the indictment." 361 U.S. at 529.

The outcome is the same, however, where the Supreme Court remands to the Court of Appeals. The case must be remanded for the indictment to be dismissed. *Rinaldi*, 434 U.S. at 32.

*Margraf* and *Thompson* provide examples of this procedure. In

---

U.S. 1106 (1973); *Robison v. United States*, 390 U.S. 198 (1968); *Redmond v. United States*, 384 U.S. 264 (1966).

*Margraf*—after the affirmance of defendant's conviction on appeal—the Solicitor General represented to the Supreme Court that relevant "guidelines were not adhered to in this prosecution, and he therefore recommended that certiorari be granted and the case be remanded so the government could dismiss the complaint." 493 F.2d at 1207. The Supreme Court did so, vacating the judgment and "remand[ing] to the Court of Appeals for reconsideration in light of the position presently asserted by the Government." *Margraf v United States*, 414 U.S. 1106 (1973). The Third Circuit, in turn, "remanded to the district court to allow the government to dismiss[.]" *United States v. Margraf*, 93 F.2d 1206, 1206 (3rd Cir. 1974).

Similarly, in *Thompson*, after the Solicitor General conceded a violation of a charging policy, the Supreme court "remand[ed] . . . to the Court of Appeals for reconsideration in light of the Government's present position." 444 U.S. at 250. On remand, the Sixth Circuit—despite having previously affirmed the conviction—reversed and remanded. *United States v. Thompson*, 617 F.2d 604 (6th Cir. 1980) (table); *United States v. Thompson*, 601 F.2d 591 (6th Cir. 1979) (table).

9

## C. The Court Should Remand with Instructions that the Indictment Be Dismissed

Here, a Department of Justice policy instructs that "because it is impossible to comply with the registration and taxation provisions in the [National Firearms Act], prosecutors should charge the unlawful possession or transfer of a machinegun made after May 19, 1986 under § 922(o)." Justice Manual § 9-63.516. In this case, the government charged petitioner under 26 U.S.C. § 5861(d) rather than § 922(o).

In light of this policy, the government has determined that the interests of justice justify the dismissal of the indictment and vacatur of the judgment. Specifically, given "the possibility that a similarly situated defendant in another district would not have been so charged and convicted," "the strong interest in national uniformity in the application of justice provides good cause" for dismissal. (GSER 5–6.) The government has filed an application in the district court reflecting that determination. (*Id.*)

Under the "long line of decisions" discussed above, *Thompson*, 444 U.S. at 250, this Court should vacate the judgment and remand to the district court with instructions that the judgment be vacated and the indictment be dismissed.

DATED: June 12, 2020                    Respectfully submitted,

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

    */s/ L. Ashley Aull*
    */s/ Patrick R. Fitzgerald*

L. ASHLEY AULL
Assistant United States Attorney
Chief, Criminal Appeals Section

PATRICK R. FITZGERALD
Assistant United States Attorney
Senior Trial Attorney, Criminal
    Appeals Section

Attorneys for Plaintiff-Appellee
UNITED STATES OF AMERICA

# CERTIFICATE OF COMPLIANCE

I certify that:

1.  This brief complies with the length limits permitted by the Court's May 29, 2020, order because the brief is 10 pages long.

2.  This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Century Schoolbook) using Microsoft Word 2016.

DATED: June 12, 2020                         */s/ L. Ashley Aull*

                                                L. ASHLEY AULL
                                                Attorney for Plaintiff-Appellee
                                                UNITED STATES OF AMERICA